IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JACLYN KELLEY, individually, and JOSHUA KELLEY, individually, and as personal representative of the Estate of A.K. | § § § § § | |
| Plaintiff, | § | Civil Action No. 2:19-CV-359 |
| v. | § § § | |
| FISHER-PRICE, INC., MATTEL, INC., and AMY RENEE WILLIAMS a/k/a AMY MORIN, | § § § | |
| Defendants. | | |

## DEFENDANTS MATTEL, INC.'S AND FISHER-PRICE, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Mattel, Inc. ("Mattel") and Fisher-Price, Inc. ("Fisher-Price") give notice that they remove this action from the 347th Judicial District Court of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of such removal, Defendants respectfully show the Court as follows:

### I.   STATE COURT ACTION

1. On October 14, 2019, Plaintiffs Jaclyn Kelley, individually, and Joshua Kelley, individually and as personal representative of the Estate of A.K., filed suit in the 347th Judicial District Court of Nueces County, Texas, (the "State Court Action"). The Original Petition alleges negligence, strict liability, fraud, fraudulent inducement, and breach of implied and express warranties arising out of the design, testing, manufacture, marketing, sale, and distribution of the Fisher-Price Rock 'n Play Sleeper. *See generally* Plaintiffs' Original Petition. Plaintiffs expressly

seek over $1,000,000 in monetary damages. *See id.*, at p. 35. Plaintiffs accomplished formal service of process on Defendant Amy Williams a/k/a Amy Morin shortly after filing the State Court Action. Fisher-Price was served on November 25, 2019. Upon information and belief, no other process, proceedings, or orders have been filed or issued in the case or served on Defendants.

2. Defendant Mattel has not, to date, been served with a copy of the petition in the State Court Action. Nevertheless, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). Although the statutory thirty-day removal period commences on receipt of formal service of process, *Bd. of Regents of Univ. of Texas Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007), a defendant may elect to remove an action pending in state court prior to receiving service of process. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal. . . We read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.").

## II. REMOVAL PROCEDURE

3. This action is properly removed to this Court, as the State Court Action is pending within this district and division. 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1446(a), the Federal Rules of Civil Procedure, and Local Rule 81, this Notice of Removal is accompanied by the following, which are respectively attached as Exhibits A-F:

    (a)    An index of matters being filed;

    (b)    A list of all counsel of record, including addresses, telephone numbers, and parties represented;

    (c)    The docket sheet in the State Court Action;

  (d)  Executed process served on Amy Williams a/k/a Amy Morin;

  (e)  Each document filed in the State Court Action; and

  (f)  Rule 7.1 financial disclosures for Mattel and Fisher-Price.

5. A copy of this Notice of Removal will also be filed in the State Court Action pursuant to 28 U.S.C. § 1446(d).

### III. REMOVAL JURISDICTION

6. Pursuant to 28 U.S.C. § 1441, removal is proper if the district court to which the case is removed has original subject matter jurisdiction of the action. Federal courts have subject matter jurisdiction for diversity cases where the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

  **A.** **Diversity of Citizenship Exists Between the Plaintiffs and Mattel and Fisher-Price, the Properly Joined Defendants**

7. Complete diversity of citizenship exists between all properly joined parties to this action.

8. A person is a citizen of the state where that person is domiciled, that is, where the person has established a fixed habitation or abode, intending to remain there permanently or indefinitely. *See Coury v. Prot*, 85 F.3d 244, 248-50 (5th Cir. 1996). A corporation, on the other hand, is a citizen of both the state where it is incorporated and the state where its principal place of business is located. *See* 28 U.S.C. § 1332(c)(1); *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988).

9. As alleged by Plaintiffs, Plaintiffs are residents of Nueces County, Texas. *See* Plaintiffs' Original Petition, at ¶ 4. Minor A.K. was a resident of Nueces County, Texas. *Id*.

10. As correctly alleged by Plaintiffs, Defendant Mattel is a Delaware corporation. *See Id.* at ¶ 6. Mattel's principal place of business is in California. Therefore, under 28 U.S.C. § 1332(c)(1), Mattel is deemed to be a citizen of Delaware and California and is not a citizen of Texas.

11. As correctly alleged by Plaintiffs, Defendant Fisher-Price is a Delaware corporation. *See Id.* at ¶ 5. Fisher-Price's principal place of business is in New York. Therefore, under 28 U.S.C. § 1332(c)(1), Fisher-Price is deemed to be a citizen of Delaware and New York and is not a citizen of Texas.

12. Complete diversity exists between the properly joined Plaintiffs, Mattel, and Fisher-Price. *See* 28 U.S.C. § 1441(b).

**B. Plaintiff Improperly Joined Defendant Amy Williams a/k/a Amy Morin, and Her Citizenship May Be Disregarded for Purposes of Removal**

13. In their Original Petition, Plaintiffs make only one factual allegation specific to Defendant Amy Williams a/k/a Amy Morin: "A.K. was placed in a Rock 'n Play Sleeper . . . while she was being cared for by Defendant Williams." Plaintiffs' Original Petition, at ¶ 9. This allegation, standing alone, is insufficient to state a claim against Williams. Additionally, all of Plaintiffs' enumerated causes of action are directed exclusively at "Product Defendants"—*i.e.*, Mattel and Fisher-Price—and do not present any basis for Williams' liability. *See id.* at pp. 13-32. Williams' joinder to the suit is a transparent attempt to defeat diversity jurisdiction, and so her citizenship may be disregarded for purposes of removal.

14. Improper joinder or joinder of a party "solely for the purpose of blocking jurisdiction based on diversity may be established by showing (1) actual fraud in the pleadings or (2) the 'inability of the plaintiff to establish a cause of action against the nondiverse party in state court.'" *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018). The

removing defendant must show "that there is no possibility of recovery by the plaintiff against an in-state defendant." *Id*. In assessing whether a removing defendant has made this showing, the Fifth Circuit has directed district courts to apply a Federal Rule of Civil Procedure 12(b)(6) standard and evaluate whether the complaint is sufficient to state a claim against the nondiverse defendant. *Id*.; *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183-184 (5th Cir. 2018); *see also Cervantes v. Ocwen Loan Servicing, L.L.C.*, 749 F. App'x 242, 244 (5th Cir. 2018) ("When a district court checks a case for fraudulent or improper joinder, it determines whether the plaintiff has pleaded enough facts that, if proven true, would result in legal liability against the defendant."). If, in conducting this analysis, a court determines that a party is improperly joined, the court may disregard the party's citizenship for purposes of determining subject matter jurisdiction. *Allen*, 907 F.3d at 183 (affirming denial of motion to remand where the court found that plaintiff failed to state a claim against nondiverse defendants).

15. Here, the lone stray reference that the Plaintiffs' minor child was in Williams' care at the time she was placed in the Rock 'n Play Sleeper is insufficient to state a claim against Williams under Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiffs here omit Williams' acts and/or omissions from the discussion of their legal claims altogether, resulting in a failure to state a claim for relief that is plausible on its face.

16. Indeed, federal courts in Texas do not tolerate such obvious attempts to defeat diversity jurisdiction. In *Cervantes*, the plaintiff similarly made a single factual allegation against the nondiverse defendant – only that he "failed to inform Plaintiff that . . . [he] could make a gift

of his property to the trust." 749 F. App'x at 244. Applying Federal Rule of Civil Procedure 12(b)(6) pleading standards, the *Cervantes* court found the nondiverse defendant was improperly joined. Similarly, as discussed above, the Plaintiffs' Original Petition fails to state a claim against Williams and so she was improperly joined. Her citizenship must therefore be ignored for purposes of removal.

### C. The Amount in Controversy Requirement is Satisfied

17. Pursuant to 28 U.S.C. § 1332(a), the amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

18. Defendants dispute that Plaintiffs' claims have merit, and therefore, dispute that Plaintiffs will be able to recover any damages at all. However, for the purposes of determining the amount-in-controversy, the merits of Plaintiffs' claims are not taken into account. Rather, the determination of the amount-in-controversy depends upon Plaintiffs' allegations, the types of damages sought, and a possible amount that could be awarded if Plaintiffs are successful in the lawsuit. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408–09 (5th Cir. 1995) ("[u]nless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.") (*quoting St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

19. Plaintiffs here expressly pray for over $1,000,000 in monetary damages in their Original Petition, well over the $75,000 minimum requirement. See Plaintiffs' Original Petition, at p. 35.

20. Nothing in this Notice of Removal should be interpreted as a waiver or relinquishment of Defendants' rights to assert defenses or objections including, without limitation,

the defenses of (i) lack of jurisdiction over the person, (ii) improper venue and/or forum non conveniens, (iii) insufficiency or lack of process or service of process, (iv) improper joinder of claims and/or parties, (v) failure to state a claim, (vi) failure to join an indispensable party(ies), or (vii) any other procedural or substantive defense available under state or federal law.

21.  If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief any disputed issues and to present further evidence and oral argument in support of their position that this case was properly removed.

## IV.  CONCLUSION

WHEREFORE, Defendants Mattel and Fisher-Price remove this case from the 347th Judicial District Court of Nueces County, Texas, to the United States District Court for the Southern District of Texas, Corpus Christi Division.

Dated this 27th day of November, 2019.	Respectfully submitted,

GREENBERG TRAURIG, LLP

/s/ Mary-Olga Lovett
Mary-Olga Lovett
Email: lovettm@gtlaw.com
State Bar No. 00789289
Hiba Kazim
State Bar No. 24076952
Email: kazimh@gtlaw.com
1000 Louisiana, Suite 1700
Houston, Texas 77002
713-374-3500 – Telephone
713-374-3505 – Facsimile

*Attorneys for Defendants Mattel, Inc. and Fisher-Price, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all parties and counsel of record have been served with a copy of this Notice of Removal via the Court's electronic filing system on this 27th day of November, 2019.

                                                         */s/ Hiba Kazim*
                                                       Hiba Kazim